UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : No. 2:86-cr-00197 |
| | : |
| ELLIS MATHEWS, JR. | : |

**O P I N I O N**
**Motion for Early Home Confinement under Compassionate Release with Extraordinary and Compelling Reasons, ECF No. 96 – Denied**

**Joseph F. Leeson, Jr.**  November 18, 2020
**United States District Judge**

**I.   INTRODUCTION**

The above-captioned case involves Defendant Ellis Mathews, Jr., who was sentenced to fifty-three years imprisonment following his conviction for multiple felonies. Mathews now moves this Court for early home confinement release from FCI Cumberland, citing concerns regarding his susceptibility to COVID-19. *See* Mot., ECF No. 96. The Government opposes the Motion. *See* Resp., ECF No. 97.

To the extent that Defendant's motion is construed as a request for early home confinement under the CARES Act,[1] the motion is denied with prejudice, as this Court does not have the authority to review the home confinement decisions of the Bureau of Prisons made pursuant to that Act.

---

[1] Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281 (2020).

To the extent that Defendant's motion is construed as a request to modify the term of imprisonment under 18 U.S.C. § 3582(c), the motion is denied with prejudice, as Mathews was convicted prior to the effective date of the statute.

## II.     BACKGROUND

On June 23, 1986, Mathews was found guilty at the conclusion of a jury trial of two counts of robbery of a federally insured bank,[2] two counts of armed robbery of a federally insured bank,[3] and one count of unlawful use of a firearm during a crime of violence.[4]  On July 17, 1986, Mathews was sentenced to consecutive terms on the convicted counts, totaling fifty-three years imprisonment.  Mathews thereafter appealed his sentence and conviction, which was affirmed by the Third Circuit without opinion on February 25, 1987.

On June 23, 2020, Mathews, then age sixty-eight, filed the present motion with this Court seeking home confinement through the compassionate release program.  In the pro se motion, Mathews cites COVID-19 concerns at FCI Cumberland, where he is currently incarcerated, as the basis for his relief.  According to the motion, on April 13, 2020, Mathews sent a request for information to the staff at FCI Cumberland regarding his eligibility for compassionate release due to his COVID-19 concerns.  On April 15, Mathews learned through a communication issued by the Warden that FCI Cumberland, which houses more than nine hundred inmates, had five known cases of COVID-19.  Thereafter, on April 17, the Unit Manager responded to Mathews' April 13 request, noting that Mathews was ineligible for home confinement through compassionate release because he had been convicted of a crime of violence.  On May 13, 2020,

---

[2]     18 U.S.C. § 2113(a)
[3]     18 U.S.C. § 2113(d)
[4]     9 U.S.C. § 924(c)

Mathews again sent a request to the staff at FCI Cumberland, seeking further reasoning for why he was denied early home confinement. On May 27, the CMC at FCI Cumberland, responded to the request. The CMC reiterated that "Home Confinement" was unavailable to an individual with any "past or current" violence.

Around that same time, on May 15, Mathews emailed Health Services at the direction of the Warden to determine whether he was considered a "high risk" individual with respect to COVID-19. On May 27, Health Services responded, notifying Mathews that he was considered high risk and informing Mathews that he was removed from his FCI Cumberland work assignment to reduce his risk of exposure to the virus.

As a result of these events, Mathews filed the present motion, seeking an order from this court requiring that he be given home confinement.

### III. DISCUSSION

Mathews' motion may be construed as requesting relief under two relevant statutes: (1) the CARES Act and (2) 18 U.S.C. § 3582(a), the First Step Act. Given that Mathews filed the motion pro se, the Court will address each plausible request for relief in turn below.

#### A. The CARES Act

From one perspective, Mathews' motion can be construed as requesting relief under the CARES Act. Specifically, Section 12003 of the CARES Act allows the director of the Bureau of Prisons ("BOP") to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under" 18 U.S.C. § 3624(c)(2). *See* CARES Act § 12003(b)(2). This discretion was codified, in large part, to provide BOP a tool by which to alleviate COVID-19 concerns in federal prisons. *See id.* § 12003(a)(2). Mathews' focus on

COVID-19 throughout his motion raises the possibility that he sought to ground his claim in the extra discretion provided under the CARES Act.  *See* Mot. 2, 4.

Notwithstanding, the CARES Act provides the discretion for determining early home confinement release solely to the BOP.  *See United States v. Ramirez-Ortega*, No. 11-251, 2020 U.S. Dist. LEXIS 148629, at *8 (E.D. Pa. Aug. 14, 2020).  Nothing in the CARES Act gives this Court the power to transfer a prisoner to home confinement.  *See* 18 U.S.C. § 3621(b)(5) (stating BOP's designation with regard to home confinement "is not reviewable by any court"); *United States v. Pettiway*, No. 08-129, 2020 WL 3469043, at *2 (E.D. Pa. June 25, 2020) ("Regardless of the nature of defendant's medical condition or the existence of the coronavirus pandemic, Congress did not provide the courts with the authority to release inmates into home confinement at an earlier time under the CARES Act.").  Therefore, this Court cannot provide the relief requested by Mathews under the CARES Act.

Thus, because this Court lacks the authority to hear Mathews' claim under the CARES Act, the motion, to the extent it requests relief under the CARES Act, is denied with prejudice.

### B.  18 U.S.C. § 3582(c)

From another perspective, Mathews' motion may be construed as requesting relief under 18 U.S.C. § 3582(c) as amended by the First Step Act.  As part of a broader effort to avoid indeterminate sentencing, Congress enacted the Sentencing Reform Act of 1984 ("SRA").  *Tapia v. United States*, 564 U.S. 319, 325 (2011).  The SRA took effect on November 1, 1987.  *See* 18 U.S.C. § 3582.  One provision of the SRA, known as Section 3582(c), offers prisoners an avenue to seek a reduction of sentence where warranted by "extraordinary or compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i).  In 2018, that provision was amended as part of the First Step Act to provide prisoners a more direct route to court for their claims.  *See United States v. Torres*, No.

18-414, 2020 WL 3498156, at *6 (E.D. Pa. June 29, 2020).  Prior to the amendment, the Bureau of Prison's occupied an "exclusive 'gatekeeper' role" with respect to bringing motions before the court for a reduction in sentence under Section 3582(c).  *Id.*  The First Step Act of 2018 amended the statute to also allow prisoners to bring motions before the court after having "fully exhausted[5] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  *See* 18 U.S.C. § 3582(c)(1)(A)(i).  *See United States v. Raia*, 954 F.3d 594, 596-97 (3d Cir. 2020) (holding that the risks COVID-19 poses in the federal prison system do not excuse the exhaustion requirement).

However, the SRA  "applies only to offenses committed after November 1, 1987." *United States v. Sussman*, 900 F.2d 22, 23 (3d Cir. 1990).  Mathews was convicted and sentenced by July 17, 1987, meaning the conduct that gave rise to his conviction necessarily took place prior to November 1, 1987.  Therefore, Mathews cannot avail himself of 18 U.S.C. § 3582(c)(1)(A).[6]  Rather, because he is serving an "old law" sentence, his request for compassionate release is governed by Section 4205(g), which allows the BOP, alone, to file a motion for compassionate release with the court.  *See Wade v. Warden Fairton FCI*, 773 F. App'x 106, 107 n.3 (3d Cir. 2019).  The BOP has not filed such a motion with this Court.  Mathews' motion, to the extent it seeks relief under Section 3582(c), is denied with prejudice.

---

[5]   Mathews has failed to show that he has fully exhausted administrative remedies under § 3582.  However, because he is not eligible for relief under this statute, dismissal with prejudice is appropriate.

[6]   Moreover, Mathews, who merely suggests that his age places him at a high risk to contract COVID-19, offers no "extraordinary and compelling reasons" to modify the term of imprisonment.

## IV. CONCLUSION

To the extent that Mathews' motion seeks relief under the CARES Act, this Court is without the authority to render such relief. Thus, the motion is denied with prejudice.

To the extent that Mathew's motion seeks relief under Section 3582(c), the provision does not apply to Mathews' offenses. Thus, the motion is denied with prejudice.

A separate Order follows.

                                              BY THE COURT:

                                              */s/ Joseph F. Leeson, Jr.*
                                              JOSEPH F. LEESON, JR.
                                              United States District Judge